UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MARIE KUHN, | No. 2:22-cv-1835 DB |
| Plaintiff, | |
| v. | ORDER |
| MARTIN O'MALLEY, Commissioner of Social Security,[1] | |
| Defendant. | |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[2] Plaintiff's motion argues that the Administrative Law Judge erred with respect to the treatment of plaintiff's subjective testimony and the lay witness testimony. For the reasons explained below,

////

---

[1] Martin O'Malley became the Commissioner of the Social Security Administration on December 20, 2023. See https://blog.ssa.gov/martin-j-omalley-sworn-in-as-commissioner-of-social-security-administration/ (last visited by the court on February 21, 2024). Accordingly, Martin O'Malley is substituted in as the defendant in this action. See 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

[2] Both parties have previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (See ECF No. 9.)

1

plaintiff's motion is granted, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings.

## PROCEDURAL BACKGROUND

In March of 2020, plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"), alleging disability beginning on May 21, 2019. (Transcript ("Tr.") at 22, 162.) Plaintiff's alleged impairments included adrenal gland insufficiency and major depression. (Id. at 62.) Plaintiff's application was denied initially, (id. at 88-92), and upon reconsideration. (Id. at 94-98.)

Plaintiff requested an administrative hearing, which was held before an ALJ on July 16, 2021. (Id. at 36-61.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 36-41.) In a decision issued on August 16, 2021, the ALJ found that plaintiff was not disabled. (Id. at 31.) The ALJ entered the following findings:

> 1. The claimant last met the insured status requirements of the Social Security Act through March 31, 2020.
>
> 2. The claimant did not engage in substantial gainful during the period from her alleged onset date of May 21, 2019 through her date last insured of March 31, 2020 (20 CFR 404.1571 *et seq*.).
>
> 3. Through the date last insured, the claimant had the following severe impairment: adrenal gland insufficiency. (20 CFR 404.1520(c)).
>
> 4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).
>
> 5. After careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except no climbing ladders, ropes or scaffolds; occasional crawling and climbing ramps or stairs; and avoid even moderate exposure to dangerous moving machinery and unprotected heights.
>
> 6. Through the date last insured, the claimant was capable of performing past relevant work as a personnel records specialist, compensation manager, and sales insurance specialist. This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

////

> 7. The claimant was not under a disability, as defined in the Social Security Act, at any time from May 21, 2019, the alleged onset date, through March 31, 2020, the date last insured (20 CFR 404.1520(f)).

(Id. at 24-31.)

On August 23, 2022, the Appeals Council denied plaintiff's request for review of the ALJ's August 16, 2021 decision. (Id. at 8-10.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on October 14, 2022. (ECF. No. 1.)

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.

3

> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987).  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff's pending motion argues that the ALJ committed the following two principal errors: (1) the ALJ erroneously rejected plaintiff's subjective testimony; and (2) the ALJ failed to discuss lay witness testimony.  (Pl.'s MSJ (ECF No. 11) at 6-22.[3])

**I.     Plaintiff's Subjective Testimony**

The Ninth Circuit has summarized the ALJ's task with respect to assessing a claimant's credibility as follows:

> To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis.  First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.  The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom.  Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.
>
> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so[.]

---

[3] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

4

Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks omitted). "The clear and convincing standard is the most demanding required in Social Security cases." Moore v. Commissioner of Social Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002). "At the same time, the ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking[.]" Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012).

"The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints."[4] Valentine v. Commissioner Social Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)). In weighing a claimant's credibility, an ALJ may consider, among other things, the "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997)). If the ALJ's credibility finding is supported by substantial evidence in the record, the court "may not engage in second-guessing." Id.

Here, the ALJ recounted plaintiff's lengthy allegations as follows:

> The claimant alleges adrenal gland insufficiency limits her ability to work. In a written statement she related exhaustion that required her to rest frequently throughout the day. The claimant testified that she has not been able to work since her alleged onset date of disability because she is easily exhausted. She sometimes feels so tired it is if someone is standing on her shoulders. She can become suddenly exhausted. She also can have vomiting, diarrhea, headaches, and lightheadedness. Stress exacerbates her symptoms. Recently she was experiencing crying up to two hours a day, but after a medication

---

[4] In March 2016, Social Security Ruling ("SSR") 16-3p went into effect. "This ruling makes clear what our precedent already required: that assessments of an individual's testimony by an ALJ are designed to 'evaluate the intensity and persistence of symptoms after the ALJ finds that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms,' and not to delve into wide-ranging scrutiny of the claimant's character and apparent truthfulness." Trevizo v. Berryhill, 871 F.3d 664, 679 (9th Cir. 2017) (quoting SSR 16-3p) (alterations omitted).

> increase, she only cries a few times a day.  She must manage her energy to make it through the day.  She takes a two to four hour nap every day and must rest throughout the day after activities such as sweeping up cat litter.  Her brother does most of her shopping; she is only able to do shorter shopping trips in a smaller store.  She prepares only simple meals, such as heating up soup or making sandwiches.  When she does not take her medications, she has diarrhea and vomiting.  Her medication causes her to sweat.  Some days she has trouble controlling her emotions and must take extra medications.  She also needs additional medication when she is stressed or sick.

(Tr. at 28) (citations omitted).

The ALJ then found that plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms" but that plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision."[5] (Id.)

The ALJ went on to discuss the medical evidence of record before finding that plaintiff's "allegations are partially consistent with the evidence." (Id. at 29.)  Thereafter, the ALJ asserted that office visit reports from April of 2019 and June of 2019 that plaintiff "reported improvement with hydrocortisone" were "not entirely consistent with her allegations." (Id.)  To which specific allegations the ALJ was referring is unsaid.

The ALJ went on to state that "[i]ndications by the claimant's medical providers that the claimant has adequate adrenal replacement are not consistent with the claimant's allegations." (Id.)  Again, to what specific aspect of plaintiff's testimony the ALJ was referring is unstated.  "When rejecting the testimony of a claimant, 'the ALJ must specifically identify the testimony

---

[5] "ALJs routinely include this statement in their written findings as an introduction to the ALJ's credibility determination" before "identify[ing] what parts of the claimant's testimony were not credible and why." Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1103 (9th Cir. 2014).  "The use of this generic language is not itself reversible error . . . but it inverts the responsibility of an ALJ, which is first to determine the medical impairments of a claimant based on the record and the claimant's credible symptom testimony and only then to determine the claimant's RFC.  By rejecting a claimant's subjective symptoms 'to the extent they are inconsistent with the above residual functional capacity assessment,' the agency indicates that it is failing properly to incorporate a claimant's testimony regarding subjective symptoms and pain into the RFC finding, as it is required to do." Trevizo, 871 F.3d at 679 n.6.

she or he finds not to be credible and must explain what evidence undermines the testimony.'" Brito v. Kijakazi, No. 22-15631, 2023 WL 1960672, at *1 (9th Cir. Feb. 13, 2023) (quoting Holohan v. Massanari, 246 F.3d 1195, 1208 (9th Cir. 2001)).

Moreover, "after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity" of the symptoms. Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005); see also Putz v. Astrue, 371 Fed. Appx. 801, 802-03 (9th Cir. 2010) ("Putz need not present objective medical evidence to demonstrate the severity of her fatigue."); Lingenfelter, 504 F.3d at 1036 ("the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged."); Bunnell v. Sullivan, 947 F.2d 341, 347 (9th Cir. 1991) ("If an adjudicator could reject a claim for disability simply because a claimant fails to produce medical evidence supporting the severity of the pain, there would be no reason for an adjudicator to consider anything other than medical findings.").

Under these circumstances the court cannot find that the ALJ provided a clear and convincing reason for rejecting plaintiff's testimony. See Smith v. Kijakazi, 14 F.4th 1108, 1113 (9th Cir. 2021) ("to reject the specific portions of the claimant's testimony that the ALJ has found not to be credible, we require that the ALJ provide clear and convincing reasons relevant to that portion"); Brown-Hunter v. Colvin, 806 F.3d 487, 494 (9th Cir. 2015) ("Our review of the ALJ's written decision reveals that she did not specifically identify any such inconsistencies; she simply stated her non-credibility conclusion and then summarized the medical evidence supporting her RFC determination. This is not the sort of explanation or the kind of 'specific reasons' we must have in order to review the ALJ's decision meaningfully, so that we may ensure that the claimant's testimony was not arbitrarily discredited."); Treichler, 775 F.3d at 1103 ("An ALJ's 'vague allegation' that a claimant's testimony 'is not consistent with the objective medical evidence,' without any 'specific findings in support' of that conclusion is insufficient for our review."); Christine G. v. Saul, 402 F.Supp.3d 913, 925 (C.D. Cal. 2019) ("the ALJ did not

////

identify the testimony she was discounting and 'link that testimony to the particular parts of the record' supporting her determination").

Accordingly, the court finds that plaintiff is entitled to summary judgment on the claim that the ALJ's treatment of plaintiff's subjective testimony constituted error.

## CONCLUSION

After having found error, "'[t]he decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" Trevizo v. Berryhill, 871 F.3d 664, 682 (9th Cir. 2017) (quoting Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987)).[6] A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014).

Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin.,

////

---

[6] Having already identified an error requiring remand, given plaintiff's request for remand for further proceedings, and upon review of the record the court finds it unnecessary to reach plaintiff's remaining claim of error. See Janovich v. Colvin, No. 2:13-cv-0096 DAD, 2014 WL 4370673, at *7 (E.D. Cal. Sept. 2, 2014) ("In light of the analysis and conclusions set forth above, the court need not address plaintiff's remaining claims of error."); Manning v. Colvin, No. CV 13-4853 DFM, 2014 WL 2002213, at *2 (C.D. Cal. May 15, 2014) ("Because the Court finds that the decision of the ALJ must be reversed on the basis of the stooping limitation, the Court need not address Plaintiff's remaining contentions.").

775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, plaintiff argues this matter should be remanded for further proceedings. (Pl.'s MSJ (ECF No. 11) at 23. The court agrees. Plaintiff's request will, therefore, be granted.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 11) is granted;

2. Defendant's cross-motion for summary judgment (ECF No. 18) is denied;

3. The Commissioner's decision is reversed;

4. This matter is remanded for further proceedings consistent with the order; and

5. The Clerk of the Court shall enter judgment for plaintiff and close this case.

Dated: March 12, 2024

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\kuhn1835.ord